UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| |
|---|
| Luis Gil<br>    *Plaintiff*<br><br>            v.<br><br>Niki Frantzis<br>95-05 41st Avenue LLC<br>    *Defendants,* jointly and severally. |

№

**COMPLAINT**

Through his attorneys, Eisner & Dictor, P.C. and Make the Road New York, plaintiff Luis Gil brings this action pursuant to the Fair Labor Standards Act ("FLSA") to recover *inter alia* withheld wages from Defendants and alleges:

### Introduction

1. Plaintiff has worked as a superintendent at Defendants' building located in Queens, New York from 1996 to the present. Throughout his employment, Plaintiff typically worked twenty to thirty hours per week, and Defendants failed to pay him any wages for any hours he worked. Plaintiff seeks to recover unpaid minimum wages, unlawful deductions, statutory penalties for violations of the notice and recordkeeping provisions of the New York Labor Law, and liquidated damages pursuant to the FLSA and New York Labor Law ("NYLL").

### Jurisdiction & Venue

2. This Court has jurisdiction over Plaintiff's federal claim pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

5. Plaintiff Luis Gil ("Gil") is an adult individual residing in Queens County and is employed by Defendants as a superintendent at their residential building located in Elmhurst, New York.

6. Defendant Niki Frantzis ("Frantzis") is an adult individual and covered employer of plaintiff within the meaning of the FLSA and NYLL. Upon information and belief, Frantzis is the owner of Defendant 95-05 41st Avenue LLC, is actively involved in managing the day-to-day operations of the corporate Defendant and has the power to stop any illegal pay practice that harmed the plaintiff.

7. Defendant 95-05 41st Avenue LLC is an active limited liability company organized under the laws of New York State.

## Statement of Claims

8. Since 1996, Defendants and their predecessors have employed Gil to work as the superintendent of the building located in Queens County at 95-05 41st Avenue, Elmhurst, New York 11373 (the "Premises"), which has sixteen residential units.

9. Throughout Gil's employment with Defendants, Defendants have failed to pay Gil any wages for any hours he worked.

10. Defendants and their predecessors have performed related activities through unified operations or common control since at least 1996, with the common purpose of operating and maintaining the Premises.

11. Upon information and belief, Gil is an individual employee who is "engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA. Throughout his employment by Defendants, Gil has regularly and recurrently handled and worked on goods, as defined by 29 U.S.C. § 203(i), for commerce between New York State and other states. Gil

sorted, screened, packed and handled garbage and recycling two times each week throughout his employment with Defendants. On information and belief, this garbage and recycling was then shipped outside New York State for further processing, including production of paper, metal, and plastic recycled products to be used in further commerce between the states. In addition, Gil regularly and recurrently, once or twice a month, handles tenants' parcels and packages that are moving in interstate commerce, and about three to four times a year Gil signs for a parcel or package moving in interstate commerce to receive it on behalf of a tenant.

12. Gil is a covered employee under the FLSA and is not exempt from the minimum wage and maximum hour requirements under 29 U.S.C. § 213. As an employee of Defendants, Gil provided maintenance services to the Premises, including cleaning, garbage removal, snow removal, plumbing repairs, and general repairs to apartments.

13. Since 1996, Defendants have failed to provide Gil with wage statements, in violation of NYLL § 195(3).

14. Since 1996, Defendants have failed to provide Gil with wage notices, in violation of NYLL § 195(1).

15. Since 1996, Defendants have failed to pay Gil the minimum wage rate required by the FLSA, 29 U.S.C. § 203, for all hours he worked. In particular, Defendants failed to pay Gil any wages for any of the hours he has worked each week.

16. Gil regularly works between 20 and 30 hours each week, and often worked more, performing maintenance tasks for the building at 95-05 41st Avenue in Elmhurst, New York, seven days a week. Gil works cleaning the exterior areas of the Premises, cleaning the interior common areas of the Premises, responding to tenant complaints, removing garbage and recycling, removing

3

snow, correcting code violations, fixing leaks and performing plumbing repairs, repairing radiators, and performing other general maintenance and general repairs to the apartments located at 95-05 41st Avenue in Elmhurst, New York.

17. To the extent that Gil is deemed a janitor, as defined by 12 NYCRR § 141-3.4, Defendants willfully paid Gil below the minimum wage rate required by NYLL § 652 and 12 NYCRR § 141-1.2.

18. To the extent that Gil is not deemed a janitor, as defined by 12 NYCRR § 141-3.4 and all other applicable laws and regulations, Defendants willfully paid Gil below the minimum wage rate required by NYLL § 652 and 12 NYCRR § 141-1.3.

19. Throughout Gil's employment with Defendants, Defendants unlawfully deducted from Gil's wages by requiring him to purchase about $1,980 in tools and materials that were necessary for Gil to perform his job duties and for the benefit of Defendants. For example, Gil has been required to purchase a drill, plaster spatulas, screws, nails, tape, hammers, gloves, screwdrivers, an electric saw, extension cables, lightbulbs, a ladder, a snow shovel, a plumbing snake, a welding torch, welding supplies, protective masks, work clothing and shoes, paint, paint brushes, paint rollers, brooms, mops, rags, scissors, sandpaper plaster, faucet parts, a tile cutter, and a snow blower.

20. In addition, during Gil's employment with Defendants, Defendants unlawfully deducted from Gil's wages by requiring him to pay at least three fines incurred by the building at 95-05 41st Avenue Elmhurst, New York, totaling about $525, which were paid for the benefit of the employer.

21. Gil filed a complaint for unpaid wages against Defendants with the New York State Department of Labor ("NYSDOL") in September of 2014. Defendants settled the claims with the

NYSDOL and made three payments due to Mr. Gil (totaling approximately $2,885.00) and then stopped making payment. Upon information and belief, twenty-four payments were due pursuant to the settlement agreement with the NYSDOL.

22. In addition, Gil has performed work at Frantzis's home, located at 147-27 21st Avenue, Whitestone, New York.

23. During the summer of 2012, Gil worked three to four days, from 8 a.m. to 4 p.m., performing yard work for Frantzis. Gil removed old grass, packing it up for pick up, and laid down new sod.

24. During the summer of the following year, 2013, Gil worked painting the inside of Frantzis's home for a week, Monday through Friday, from 8 a.m. to 4 p.m.

25. During the next summer, 2014, Gil worked about two hours removing and cleaning shattered safety glass from a sliding glass door at Frantzis's home.

26. Frantzis failed to pay Gil any wages for the work he performed at her home.

27. On the days Gil worked at Frantzis's home, Gil still worked at 95-05 41st Avenue in Elmhurst, New York, before and after his work at Frantzis's home, and Gil was still responsible for responding to emergencies and tenant issues at 95-05 41st Avenue.

**FIRST CLAIM FOR RELIEF**
**(FLSA, 29 U.S.C. §§ 201 *et seq.*, claim for withheld minimum wages under federal law)**

28. Gil re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

29. Throughout the relevant period that Gil worked for the Defendants, Defendants willfully failed to pay Gil the lawful minimum hourly wage for all hours worked in violation of the FLSA, 29 U.S.C. § 206(a).

30. In light of Defendants' unlawful failure to pay any wages, Gil seeks and is entitled to recover his unpaid minimum wages, liquidated damages as provided by the FLSA, attorney's fees and costs along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.,* and 12 NYCRR § 141; claim for withheld minimum wages under New York law)**

31. Gil re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

32. Throughout the relevant period that Gil worked for the Defendants, Defendants willfully failed to pay Gil the lawful minimum hourly wage for all hours worked in violation of the New York Labor Law, including but not limited to NYLL § 652 *et seq.* and its accompanying regulations and orders of the New York State Department of Labor.

33. To the extent Gil is not deemed a janitor, Gil seeks and is entitled to recover his unpaid minimum wages, liquidated damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for withheld overtime wages under New York law**

34. Gil re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

35. During the summer of 2012 and the summer of 2013, Gil worked for the Defendants in excess of 40 hours each week, but Defendants failed to pay Gil overtime wages at a rate of one and one-half his regular rate in violation of New York Labor Law, including but not limited to NYLL § 199 and its accompanying regulations and orders of the New York State Department of Labor.

36. To the extent Gil is not deemed a janitor, Gil seeks and is entitled to recover his unpaid overtime wages, liquidated damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for withheld per-unit wages under New York law)**

37. Gil re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

38. Throughout the relevant period that Gil worked for the Defendants, Defendants willfully failed to pay Gil the lawful per-unit minimum wages in violation of the New York Labor Law, including but not limited to NYLL § 652 *et seq.* and its accompanying regulations and orders of the New York State Department of Labor

39. To the extent Gil is deemed a janitor, Gil seeks and is entitled to recover his unpaid per-unit wages, liquidated damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, NYLL § 193, and 12 NYCRR §§ 195-2, 195-4; claim for prohibited wage deductions by separate transaction under New York law)**

40. Gil re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

41. Throughout the relevant period that Gil worked for the Defendants, Defendants willfully deducted from Gil's wages in violation of NYLL by requiring Gil to purchase tools, equipment, and attire for work and to pay fines and penalties by the New York City Department of Buildings.

42. Gil seeks and is entitled to recover the money unlawfully deducted by Defendants, liquidated damages pursuant to NYLL, attorneys' fees and costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for notice and record-keeping penalties under New York law)**

43. Gil re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

44. Throughout the relevant period that Gil worked for the Defendants, Defendants failed to provide Gil with accurate wage statements containing the information outlined in NYLL § 195(3) and 12 NYCRR § 141-2.1, including the rate of pay, basis of pay, gross wages, and any allowances claimed as part of the minimum wage.

45. Gil seeks and is entitled to recover penalties and damages pursuant to NYLL § 198 for Defendants' failure to provide wage statements as required by NYLL § 195(3).

### SEVENTH CLAIM FOR RELIEF
**(NYLL §§ 190 *et seq.*, §§ 650 *et seq.*, and 12 NYCRR § 141; claim for notice and record-keeping penalties under New York law)**

46. Gil re-alleges and incorporates by reference all preceding paragraphs as if they were set forth fully herein.

47. Throughout the relevant period that Gil worked for the Defendants, Defendants failed to provide Gil with wage notices as required by NYLL § 195(1).

48. Gil seeks and is entitled to recover penalties and damages pursuant to NYLL § 198 for Defendants' failure to provide wage notices as required by NYLL § 195(1).

**PRAYER FOR RELIEF**

Plaintiff requests that this Court grant him the relief to which he is entitled and:

- **(a)** enter judgment declaring that Defendants willfully violated the FLSA;

- **(b)** award Gil the minimum wages he is owed under the FLSA;

- **(c)** award Gil liquidated damages pursuant to the FLSA;

- **(d)** enter judgment declaring that Defendants willfully violated the NYLL;

- **(e)** award Gil minimum wages owed pursuant to NYLL;

- **(f)** award Gil overtime wages owed pursuant to NYLL;

- **(g)** award Gil per-unit wages owed pursuant to NYLL;

- **(h)** award Gil the amounts Defendants' unlawfully deducted pursuant to NYLL;

- **(i)** award Gil liquidated damages pursuant to NYLL;

- **(j)** award Gil damages and penalties for Defendants' violations of the notice and recordkeeping provisions of NYLL;

- **(k)** award Gil attorneys' fees and costs pursuant to 29 U.S.C. § 216;

- **(l)** award Gil attorneys' fees and costs pursuant to NYLL § 198;

- **(m)** award Gil pre- and post-judgment interest as provided by law; and

- **(n)** grant such other relief that is just and proper.

Dated: New York, New York  
       March 17, 2017

Respectfully submitted,

*Attorneys for Plaintiff*

EISNER & DICTOR, P.C.

By: _____
Thomas J. Lamadrid
39 Broadway, Suite 1540
New York, New York 10006
thomas@eisnerdictor.com
(212) 473-8700

MAKE THE ROAD NEW YORK

By: __/s/_____
Elizabeth Sprotzer
92-10 Roosevelt Avenue
Jackson Heights, New York 11372
elizabeth.sprotzer@maketheroadny.org
(718) 565-8500