UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUIS GIL,

        Plaintiff,

— against —

NIKI FRANTZIS,
95-05 41ST AVENUE LLC,

        Defendants.

17-CV-1520 (ARR) (SJB)

<u>NOT FOR PRINT OR ELECTRONIC PUBLICATION</u>

**ORDER**

ROSS, United States District Judge:

    The court has received the report and recommendation dated August 17, 2018, from the Honorable Sanket J. Bulsara, United States Magistrate Judge. R. & R., ECF No. 23. Plaintiff Luis Gil ("Gil") timely objected to a portion of the report and recommendation on August 31, 2018. Pl.'s Objs. to R. & R., ECF No. 25 ("Objs."). Specifically, Gil objects to Judge Bulsara's recommended award for attorney's fees and costs. No other objections have been filed. For the reasons discussed below, I adopt the report and recommendation in part. Specifically, I adopt the portions not objected to in their entirety. After reviewing the objected to portions *de novo*, I agree with Judge Bulsara's determination of costs, but I award Gil $10,000 rather than $5,000 in attorney's fees.

## BACKGROUND

    On March 17, 2017, Gil brought this wage and hour action against defendants Niki Frantzis ("Frantzis") and 95-05 41st Avenue LLC ("41st Avenue") (collectively "defendants"). Gil has been employed as the superintendent of 41st Avenue since 1996. Compl. ¶ 8, ECF No. 1.

1

Frantzis is the owner of 41st Avenue. *Id.* ¶ 6. In September 2014, approximately two and a half years before Gil filed his federal court complaint, Gil filed a complaint against defendants for unpaid wages with the New York State Department of Labor ("NYSDOL"). *Id.* ¶ 21. Non-profit Make the Road New York ("MRNY") represented Gil in his NYSDOL action. Objs. 4. Frantzis settled the claim with the NYSDOL in August 2016, and the settlement required Frantzis to make twenty-four payments to Gil; however, Gil received only three payments totaling $2,885 before Frantzis stopped making payments in October 2016. R. & R. 4; *see also* Mem. of Law in Supp. of Pl.'s Mot. for Default J. 4–5, ECF No. 16-4 ("Pl.'s Mot.").

In February 2017, MRNY and law firm Eisner & Dictor, P.C. entered into a co-counsel agreement to jointly represent Gil in this federal court action. Decl. of Elizabeth Sprotzer in Supp. of Default J. ¶ 3, ECF No. 16-3 ("Sprotzer Decl."); *see also* Affirm. of Thomas J. Lamadrid in Supp. of Default J. ¶ 2, ECF No. 16-2 ("Lamadrid Affirm."). MRNY "is a non-profit organization [that] . . . . has a dedicated Workplace Justice Legal Team specifically for assisting low-wage workers in wage and hour disputes." Pl.'s Mot. 20. Elizabeth Sprotzer, the MRNY attorney on Gil's case until she left MRNY in June 2018 (*see* Mot. to Withdraw as Att'y, ECF No. 21), "graduated from the City University of New York School of Law in 2014 and has engaged in employment law practice since that time, including the litigation of wage and hour matters in federal court." Pl.'s Mot. 20. Eisner & Dictor specializes in employment litigation,[1] and Thomas Lamadrid, the Eisner & Dictor attorney on Gil's case, "is a third-year associate who has handled many FLSA matters." Pl.'s Mot. 19.

Gil filed a complaint in this court on March 17, 2017 alleging Fair Labor Standards Act ("FLSA) and N.Y. Labor Law ("NYLL") violations. *See* Compl. ¶ 1. After the defendants failed

---

[1] *See* Eisner & Dictor Home Page, http://eisnerdictor.com/ (last visited Sept. 7, 2018).

to file an answer or otherwise appear in this action, Pl.'s Mot. 2, Gil filed a request for a certificate of default pursuant to Fed. R. Civ. P. 55(a), *see* Req. to Enter Clerk's Default, ECF No. 12; *see also* Clerk's Entry of Default, ECF No. 15. Thereafter, on February 2, 2018, Gil moved for a default judgment under Fed. R. Civ. P. 55(b). Pl.'s Mot. This motion was referred to Judge Bulsara on February 6, 2018, and the report and recommendation was received on August 17, 2018. The report, which recommends that Gil's motion be granted and a default judgment be entered,[2] also recommends a reduction in the number of compensable hours and the denial of service of process fees. *See* R. & R. 30–34.

## DISCUSSION

Unless there is clear error on the face of the record, I will adopt any portion of the report and recommendation to which plaintiff has not objected. *See* Advisory Comm. Notes to Fed. R. Civ. P. 72(b); *accord Brissett v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 09-cv-874, 2011 WL 1930682, at *1 (E.D.N.Y. May 19, 2011). After reviewing the portions of the report and recommendation to which no party objected, I find no clear error. I therefore adopt the portions to which there were no objections in their entirety.

In addition, I will "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Plaintiff objects to two portions of the report. First, plaintiff objects to Judge Bulsara's finding that the 79.8 hours billed by the attorneys is unreasonable and recommendation that the number of compensable hours be reduced to 20 hours. Objs. 1; *see also* R. & R. 32–33. Second, plaintiff objects to the recommended denial of service of process fees totaling $338. Objs. 5; *see also* R. & R. 33–34. I will address each issue in turn.

---

[2] Specifically, the report recommends that default judgment be entered against 41st Avenue in the amount of $87,095.51 plus interest, and against Frantzis in the amount of $88,898.11 plus interest. R. & R. 35.

3

**I.    Attorney's Fees**

The billing records submitted indicate that Mr. Lamadrid spent 45.9 hours on Gil's case, while Ms. Sprotzer expended 33.9 hours. *See* Sprotzer Decl., Ex. 1; Lamadrid Affirm., Ex. 8. Judge Bulsara's report notes that this "far exceeds the number of hours approved in FLSA and NYLL cases" and that Gil "fails to cite a case where a court has approved the extraordinarily high number of hours sought in this case." R. & R. 32. The report cites to two cases in this district, one approving 9.6 hours of work for a non-FLSA default judgment case, and one approving 22.1 hours of work for a FLSA default judgment case. *See id.* (citing *Bd. of Trs. of The United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 W.B.P. & A. Funds v. Akro Gen. Contracting, Inc.*, No. 15 Civ. 04901 (CBA) (VMS), 2016 WL 6775467, at *8–9 (E.D.N.Y. Aug. 15, 2016) and *Zhang v. Red Mountain Noodle House Inc.*, No. 15-CV-628 (SJ) (RER), 2016 WL 4124304, at *7 (E.D.N.Y. July 5, 2016)). Upon finding the 79.8 hours billed by Mr. Lamadrid and Ms. Sprotzer to be unreasonable, the report recommends reducing the compensable time to 20 hours. *Id.*

Plaintiff's objection draws attention to five cases in which this district approved close to 79.8 hours in other unopposed default judgment motions in FLSA cases. Objs. 1–3 (*citing Mahoney v. Amekk Corp.*, No. 14 Civ. 4131 (ENV) (VMS), 2016 WL 6585810 (E.D.N.Y. Sept. 30, 2016), *adopted by* 2016 WL 6601445 (Oct. 28, 2016) (approving 123.36 hours after making a 40% across-the-board cut); *Llolla v. Karen Gardens Apartment Corp.*, No. 12-CV-1356 (MKB) (JO), 2014 WL 1310311, at *12–13 (E.D.N.Y. Mar. 10, 2014), *modified due to clerical error in overtime calculation by* 2014 WL 1311773 (Mar. 28, 2014) (approving 48.375 hours after applying a 50% reduction); *Apolinar v. Global Deli & Grocery, Inc.,* No. 12 CV 3446(RJD)(VMS), 2013 WL 5408122, at *15-16 (E.D.N.Y. Sept. 25, 2013) (approving 44.93

hours on behalf of "two plaintiffs who raised several different claims"); *Janus v. Regalis Constr., Inc.*, No. 11–CV–5788 (ARR)(VVP), 2012 WL 3878113, at *13 (E.D.N.Y. July 23, 2012), *adopted by* 2012 WL 3877963 (Sept. 4, 2012) (approving 64.2 hours); *Shim v. Millenium Grp.*, No. 08-CV-4022 (FB)(VVP), 2010 WL 2772493, at *6 (E.D.N.Y. June 21, 2010), *adopted by* 2010 WL 2772342 (July 12, 2010) (approving 193.33 hours after making a two-thirds reduction)).

District courts generally do not consider new arguments, evidence, or case law that could have been presented to the magistrate judge but was not. *See Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51–52 (E.D.N.Y. 2015); *Allen v. United Parcel Service, Inc.*, 988 F. Supp. 2d 293, 299 (E.D.N.Y. 2013); *Kruger v. Virgin Atlantic Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013). The cases cited in plaintiff's objection plainly should have been raised in the original motion for default judgment. *See Hynes v. Squillace,* 143 F.3d 653, 656 (2d Cir. 1998) ("Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration . . . ."). However, after reviewing the cases cited and examining the record *de novo*, while I agree with Judge Bulsara that the 79.8 hours billed by counsel is excessive, I conclude that Mr. Lamadrid and Ms. Sprotzer reasonably spent more than 20 hours on Gil's case.

Courts calculating reasonable attorney's fees in this circuit must first determine a reasonable hourly rate and then determine the reasonableness of the hours expended by counsel. R. & R. 30 (citing cases). I agree with Judge Bulsara's conclusion that the $250 billing rates for Mr. Lamadrid and Ms. Sprotzer are within the acceptable range. *Id.* 32. In determining the reasonableness of attorney hours, courts examine whether the number of hours is "excessive, redundant, or unnecessary." *Id.* 30 (citing cases). According to the billing records, Mr. Lamadrid

and Ms. Sprotzer spent a collective 79.8 hours researching, drafting the complaint, and filing the motion for default judgment. *Id.* 32. The billing records suggest that the two attorneys spent approximately 18 hours preparing the *pro forma*, 10-page complaint. *See* Sprotzer Decl., Ex. 1; Lamadrid Affirm., Ex. 8. This is an excessive number for two attorneys with significant experience in wage and hour matters. The bulk of the work in Gil's case stemmed from the motion for default judgment, for which the attorneys billed approximately 35 hours. This number, while high, may be within a reasonable range. However, because the motion was the only substantial submission, the total number of hours expended should not far exceed 35, a number that aligns with what this district has found reasonable. *See Zhang*, 2016 WL 4124304, at *7 (finding 22.1 hours to be reasonable); *Llolla*, 2014 WL 1310311, at *13 ("[R]educing the number of hours billed by 50 percent. . . . results in 43.375 hours . . . , which is a far more reasonable (*though still high*) investment in a case in which the defendants defaulted.") (emphasis added); *Apolinar*, 2013 WL 5408122, at *16 ("The Court finds 44.93 hours to be a reasonable amount of time to have spent on a FLSA default action for *two plaintiffs who raised several different claims*.") (emphasis added). In a relatively straightforward FLSA default action with only one plaintiff, 79.8 hours is simply too high. Plaintiff points out that "because plaintiff was represented by co-counsel from different entities, counsel had to engage in telephone conferences with each other and draft a co-counsel agreement." Objs. 4. While these communications may have been reasonable, the co-counsel arrangement also appears to have led to redundancy, as many hours were spent reviewing and editing one another's work. *See* Sprotzer Decl., Ex. 1; Lamadrid Affirm., Ex. 8.

In light of the excessive and redundant nature of the hours billed, I agree with Judge Bulsara that a reduction is appropriate. "One acceptable method for 'trimming fat' from a fee application,

and one that consumes fewer judicial resources than a painstaking review of each time-entry, is for the court to impose an 'across-the-board percentage' cut of the total amount of time claimed." *Llolla*, 2014 WL 1310311, at *13 (quoting *In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 226, 237–38 (2d Cir.1987)). Under the circumstances of this case, I am imposing a 50 percent across-the-board cut, for a total of 40 hours. I am therefore awarding $10,000 in attorney's fees.

## II. Costs

Plaintiff seeks recoupment of a $400 filing fee and $338 in private process server fees. Objs. 5. Judge Bulsara recommends that Gil recover the $400 filing fee because the docket indicates a filing fee was paid, but not the process server fees because of the absence of supporting documentation. R. & R. 33–34. Gil's objection includes invoices for the process server fees. Affirm. of Thomas J. Lamadrid in Supp. of Pl.'s Objs. to Magistrate Judge's R. & R., ECF No. 25-1, Ex. 1.[3] While plaintiffs can recover costs relating to filing fees with appropriate documentation, *see* R. & R. 33–34 (citing cases), the invoices Gil submitted do not contain the information required for the court to award costs. *See* R. & R. 34 n.8 ("While courts have discretion to grant appropriate [private] process server fees, such fees must be within the range of costs that would have been incurred had the United States Marshal Service effected service, which is currently $65 per hour.") (citing *United States v. Merritt Meridian Constr. Co.*, 95 F.3d 153, 172 (2d Cir. 1996) and 28 C.F.R. § 0.114(a)(3)). Because the invoices "do[] not contain any information about the number of hours spent by process servers," *id.*, I agree with Judge Bulsara's denial of private service of process fees.

## CONCLUSION

For the reasons discussed above, I adopt the portions of Judge Bulsara's report and

---

[3] As discussed in Section I, this evidence should have been submitted with plaintiff's original motion for default judgment.

7

recommendation that were not objected to in their entirety. Plaintiff's motion for default is therefore granted. Regarding attorney's fees and costs, I am awarding Gil $10,000 in attorney's fees and $400 in costs. Thus, Gil is awarded $92,095.51 against 41st Avenue and $93,898.11 against Frantzis, plus interest as calculated in Judge Bulsara's report and recommendation.

So ordered.

Date: September 10, 2018
Brooklyn, New York

_____/s/_____
Allyne R. Ross
United States District Judge