# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
Luis Gil,

                Plaintiff,

   - against -

95-05 41st Avenue LLC and Niki Frantzis,
individually,

                Defendants jointly
                and severally.

№ 1:17-cv-01520 (ARR)(SJB)

------------------------------------------------------------------X

## STIPULATION OF SETTLEMENT

      Plaintiff Luis Gil (the "Plaintiff") and the Defendants 95-05 41st Avenue LLC and Niki Frantzis ("Frantzis") (95-05 41st Avenue LLC and Niki Frantzis together, "Defendants") hereby agree to resolve this matter for the valuable consideration set forth herein and according to the following terms:

      1.    This Stipulation of Settlement is being entered into for purposes of resolving the claims and defenses in this Action amicably, reasonably, and without the cost and uncertainty of protracted litigation. Nothing herein is intended and/or deemed as an admission of any wrongdoing or liability by any Party. Each party denies any and all liability for any damages allegedly sustained by any party. To avoid the further costs and the uncertainties of litigation, the Plaintiff and Defendants now desire to settle finally all claims that Plaintiff intended to bring in a lawsuit. The execution of this Settlement Agreement does not constitute an admission by the

defendants of any violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), or of any other laws, rules, or regulations.

2. <u>Settlement Payment</u>. The Defendants, jointly and severally, agree to resolve this matter for a total of $50,000.00 (the "Settlement Amount"), the allocation of which is set forth below. Of this amount, $8,984.31 shall be paid directly to Eisner & Dictor, P.C. for attorney's fees and costs expended on this matter. Not later than sixty (60) days after the Court approves this Settlement Agreement, the Defendants, shall send a cashier's check in the amount of $41,015.69 made payable to Luis Gil, and a cashier's check in the amount of $8,984.31 made payable to Eisner & Dictor, P.C., by FedEx, Priority Mail, Certified Mail, or other trackable means, to the office of Eisner & Dictor, P.C. c/o Thomas Lamadrid at 39 Broadway, Suite 1540, New York, NY 10006. Plaintiff shall be entitled to reasonable costs and reasonable attorney's fees incurred in enforcing the terms of this paragraph.

3. <u>Tax Liability</u>. Plaintiff shall be solely responsible for the payment of all taxes that may be assessed against him upon any sums received pursuant to this Stipulation of Settlement. Plaintiff acknowledges that he did not rely on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid to Plaintiff pursuant to this Stipulation of Settlement. Plaintiff's counsel shall be solely responsible for the payment of all taxes that may be assessed against them in connection with any payment received by them pursuant to this Stipulation of Settlement as attorneys' fees.

4. <u>Release of Claims</u>. (a) In consideration for the benefits, payments, and promises provided for in this Stipulation of Settlement, Plaintiff hereby irrevocably and unconditionally waives, releases, and forever discharges the Defendants and all of their related and/or affiliated companies and constituent agencies, their employees, agents, shareholders,

2

attorneys, officers, directors, trustees, insurers, predecessors, successors, assigns, divisions, affiliates, parents, children, heirs, subsidiaries, fiduciaries and administrators (the "Releasees"), of an from any and all claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and any related laws, rules, and regulations, which Plaintiff has or may have against the Releasees as of the date of the Plaintiff's execution of this Stipulation of Settlement, whether known or unknown, asserted or unasserted, based on any conduct occurring from the beginning of time up to and including the date of complete execution of this Stipulation of Settlement.

(b) Plaintiff affirms that he is not presently a party to any claim or proceeding against any Defendant except for the above-captioned Action, which Plaintiff agrees to the dismissal of with prejudice, subject to the Court's retention of jurisdiction for purposes of enforcing compliance with this Stipulation.

5. Plaintiff and Defendants understand and agree that this Stipulation of Settlement must be submitted to the Court for approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

6. Defendants acknowledge that they have been advised by their counsel of the requirements of New York Labor Law §§195(1) and 195(3), to provide notices of pay rate and wage statements, where and when applicable.

7. Defendants have been advised by their counsel with respect to the prohibition of retaliation against Plaintiff as provided for under NYLL § 215(1)(a) and 29 United States Code § 215(a)(3), including without limitation, retaliating against Gil for instituting this Action. Notwithstanding the foregoing, nothing herein shall in any way limit, affect, restrict, or

3

preclude any Defendant with respect to the good-faith exercise of any rights and/or remedies as appropriate and attendant to an "at will" employment relationship with any person including the Plaintiff.

       8.    The Defendants shall be held jointly and severally liable for all amounts owed under this Settlement Agreement as well as for any failure to perform the Defendants' obligations in this Settlement Agreement.

       9.    The Plaintiff agrees that he shall not make any defamatory oral, written or electronic statements concerning the Defendants. The Defendants agree that they shall not make any defamatory oral, written or electronic statements concerning the Plaintiff. A defamatory statement is defined, in part, as a false statement of fact made with either the intent to cause harm or with reckless indifference to whether harm would result. If asked for references as to Plaintiff's work Defendant shall state the dates in which Plaintiff performed work for Defendant and the position Plaintiff held.

      10.    This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Signatures via facsimile or electronic mail shall be treated the same as originals and shall be binding.

      11.    This Settlement Agreement represents the entire understanding and agreement between and among the Parties hereto with respect to the subject matter hereof.

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*

**IN WITNESS WHEREOF,** the signatories to this Settlement Agreement have caused it to be executed by their authorized representatives or themselves where indicated:

Dated: November 8th, 2019

LUIS GIL

By: /s/ Luis Gil
Luis Gil

95-05 41ST AVENUE LLC

By: _____
Niki Frantzis, Managing Member.

NIKI FRANTZIS

By: _____
Niki Frantzis
Personally and Individually

**IN WITNESS WHEREOF,** the signatories to this Settlement Agreement have caused it to be executed by their authorized representatives or themselves where indicated:

Dated: __November 8__, 2019

LUIS GIL

By: _____
    Luis Gil

95-05 41ST AVENUE LLC

By: _____
    Niki Frantzis, Managing Member.

NIKI FRANTZIS

By: _____
    Niki Frantzis
    Personally and Individually

5